### BERT K. SMITH v. JOS. LANDA ET AL.

#### Decided March 9, 1907.

**1.—Bill of Lading—Shipper's Order Notify.**

By the provision "shipper's order notify" in a bill of lading is meant that the shipment must be held by the carrier until the consignee obtains possession of and presents the bill of lading. Such a shipment is called a "closed" shipment. Without said restriction the shipment is said to be "open," and the carrier is authorized to deliver the freight to the consignee upon identification.

**2.—Estoppel—Evidence.**

S. ordered L. to ship a carload of corn to R.; the corn was shipped and L. drew a draft on S. for the agreed price with a closed bill of lading attached; the draft was paid by S., who then drew on R. for the price of the corn with the bill of lading attached; R. failed to pay the draft and soon thereafter became insolvent; the copy of the bill of lading retained by the railroad showed an open shipment and the corn was delivered by the railroad without presentation of the bill of lading; S. sued L. and the railroad for the

value of the corn claiming that he ordered a closed shipment and that L., by attaching a closed bill of lading to his draft, had misled him to his damage; the issue as between S. and L. was whether or not S. had in fact ordered a closed shipment. Held, the issue of estoppel was not properly in the case and the charge of the court submitting such issue was prejudicial to L. rather than to S.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*R. W. Franklin* and *Taliaferro & Wilson,* for appellant.

*Hogg, Watkins & Jones* and *F. J. Maier,* for appellee.

GILL, CHIEF JUSTICE.—Bert. K. Smith brought this suit to recover of Joseph Landa and the other members of his firm the value of one car of corn shipped by Landa to Raywood Rice Company upon the order of the plaintiff. The Missouri, K. & T. Ry. Co. and the Texas & N. O. Ry. Co. were also made defendants. The ground upon which plaintiff sought a recovery against Landa was that the order was to ship a car of corn to the Raywood Company "Shippers order notify" by which was meant that the corn should be held by the carrier until the Rice Company should present the bill of lading. That the bill would be sent to the Rice Company with draft attached so that the Rice Company could not procure the bill until the draft covering the value of the corn should be paid. That contrary to instruction Landa shipped the car "open," by which is meant it was shipped to be delivered to the Rice Company without condition or restriction. That it was thus delivered by the railway companies. That Landa immediately upon shipment drew upon plaintiff with bill of lading attached. That plaintiff paid the draft upon presentation and immediately drew upon the Rice Company with bill attached. That his draft was dishonored and the Rice Company shortly thereafter went into the hands of a receiver and he lost his claim.

Landa answered by general denial, and allegations bearing upon another phase of the case which we pass to its proper connection.

The railroad companies were made parties defendants on the allegation that the shipment was in fact "Shippers order notify" and the corn was delivered without presentation of the bill of lading, but as there is no complaint of the judgment in their favor we need not disclose the nature of their defenses.

A jury trial resulted in a general verdict and judgment for defendants. · The errors assigned affect Landa alone.

Joseph Landa is the name of a firm doing business at New Braunfels, Texas. Bert K. Smith resided in Houston, Texas. On March 14, 1904, Smith ordered Landa to ship one car of bulk corn to the Raywood Rice Company at Raywood, Texas, at the agreed price of fifty-seven cents per bushel delivered. "Shippers order notify" is called a closed shipment and has the signification explained in the pleadings. A shipment direct to the consignee without restrictions is called an open shipment and justifies the carrier in delivering to the consignee upon identification. The order was given by telephone and

plaintiff concedes that nothing was said about the form of the bill of lading. The written confirmation which followed the order read: "Please ship to Raywood Rice Co., Raywood, Texas, etc.," and contained no other directions as to shipment. Plaintiff claimed, however, and adduced testimony tending to show that both a general custom and a custom prevailing between him and Landa, with whom he had done much business, required that the shipment when made to a station having a station agent should in the absence of specific direction be made closed.

Landa pleaded and testified that the order was a rush order and specified an open shipment in order that the consignee might unload the goods without delay and thus escape demurrage charges. He also denied the existence of the alleged custom and adduced evidence in support of his denial.

When the corn was delivered to the Missouri, K. & T. Ry. Co. at New Braunfels, Redus, a clerk in Landa's office, made out an open bill of lading in duplicate and sent them to the railway agent for signature. The latter signed them both and returned one. According to Redus the agent afterwards called him up by telephone and asked if the shipment should not go closed. That Redus replied that he had no such instructions, but that out of excess of caution it had better be changed. That Webb agreed to make the change and Redus in fact made the change in the copy which he retained. Webb denied this conversation and the jury found in his favor upon the issue. The fact is undisputed that the shipment was made open and the car delivered to the Rice Company on March 21. It is also undisputed that Redus wrote into his copy of the bill, "Shippers order notify" and this with draft attached was presented to Smith at Houston on March 17. The draft was duly paid and Smith then drew on the Rice Company with bill attached and placed it in the bank for presentation and collection. There was no bank at Raywood. There was a station agent at that point. The plaintiff learned about seven days thereafter that the car had been delivered and his draft unpaid. He then demanded payment of the Rice Company by telephone and wrote them several letters about it. The Rice Company became insolvent and went into the hands of a receiver April 25, 1904. The assets of the concern were insufficient to pay the secured debts and he has never received his pay for the corn. He first made a claim on the Missouri, K. & T. and the Texas & N. O. Railway Companies but was advised that the shipment was open and the claim was not allowed.

The matter was taken up by Smith with Landa about April 20 and resulted in the exchange of letters in which Landa first referred him to the bill of lading taken up when the draft was paid and which showed a closed shipment. In one of the letters he stated that his recollection was that the order was for an open shipment to prevent delay in delivery, but that the shipment was in fact a closed one.

The plaintiff claimed the right to recover against Landa—notwithstanding the jury might find that the shipment was ordered by plaintiff to be made open—if they found that the act of Landa in sending to the plaintiff a bill indicating a closed shipment induced plaintiff to forego any means of protecting himself and thereby he lost his debt. Landa

opposed this theory of estoppel with the proposition that plaintiff had lost his debt by his own negligence after discovering that the car had been delivered.

The plaintiff predicates his first assignment of error upon the following portion of the court's main charge: "If you believe from the evidence that when Bert K. Smith found out that the corn in question was delivered to the Raywood Rice Company, that said company was still solvent and that by the exercise of ordinary prudence and care said Bert K. Smith could have collected the price of said corn from the Raywood Rice Company before it became insolvent, but that said Smith did not exercise such care in trying to collect the same, but trusted the said Raywood Rice Company and preferred to wait on them and let it stand as a credit, then said Bert K. Smith can not recover against the defendant, Landa, on his plea of estoppel against the said Landa, and if you so believe on said issue of said estoppel you will let your verdict be for the defendant Landa."

Four objections are urged against the charge: First, that it is confused and misleading and calculated to induce the jury to believe that if they found against the plaintiff on the issue of estoppel they would find for defendant also on all other issues. Second, that there is no evidence to justify the submission of the issue of negligence on plaintiff's part in his efforts to collect from the Rice Company. Third, that the charge submitted an issue to the jury not raised by the pleadings. Fourth, that the charge gave undue prominence to the issue of degree of care which Smith should have exercised. We believe these four objections are the substance of the twelve propositions presented under the first assignment.

We regard the first objection as without merit. The charge of the court preceding the portion complained of is peculiarly clear and presents distinctly and separately, first, that if the jury believe the shipment was ordered closed, either by reason of a special custom between the parties or a general State custom, they shall find for the plaintiff upon that issue. Second, if the jury believe that the shipment was in fact ordered open yet if plaintiff misled by Landa's act in transmitting to him a closed bill of lading was thereby caused to lose his debt, to find for plaintiff upon that issue. The converse of these propositions are as distinctly put to the jury. Read in the light of the preceding parts of the charge the portion complained of is clearly a modification of that upon the issue of estoppel, and the closing portion "then said Bert K. Smith can not recover against defendant Landa on his plea of estoppel against Landa, and if you so find, on the issue of estoppel, you will find for defendant" could not have led the jury to believe that they were authorized upon their finding upon that issue to find against plaintiff generally. By a slight transposition of the words the charge would have been clear, but for the reasons given we must overrule the objections.

The other objections must fall for a broader reason. The issue of estoppel was not properly in the case. If the shipment was in fact ordered closed and the plaintiff thereby lost his money he should have recovered. But if in fact ordered open then the sale was a credit

sale to the Rice Company. The plaintiff does not pretend that he suspected their insolvency up to the time of the delivery of the car, and there is nothing to indicate that he suspected it for some time thereafter. Whether the shipment was ordered open or closed he would have paid Landa's draft when presented, for, as between them, the money was due upon demand. It therefore follows obviously that if the shipment was in fact ordered open the plaintiff's course would not have been different from that which he in fact pursued. He would have paid the draft as he did. He would not and could not have stopped the shipment *in transitu* for he had no grounds to justify such a course. For a like reason he would not have sought to recover the car after delivery. He would have had no recourse either against Landa or the railway companies. It is thus apparent that the issue of estoppel was not in the case and the errors, if any, relating to its submission are against the appellee.

The matter complained of in the second assignment bears alone upon this issue and is overruled as immaterial.

Landa while on the stand was permitted to state over objection that he had frequently shipped grain to plaintiff's father-in-law who was wealthy and that all the shipments were open. The evidence was admissible we think on the issue of custom, and if not, we are unable to see in what way it could have prejudiced plaintiff.

The witness was also properly permitted to state what shipping instructions he gave his office force. It was admissible on the issues affecting the railway companies and on the controversy between the railway agent and Redus who was cashier in Landa's office and had charge of the shipment in question.

The court also properly refused to allow Redus to testify that he would not have shipped the corn on Smith's credit because it does not appear that he had authority to determine the character of shipments.

Having found no material error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.